IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. 11-670 |
| | : | Civil No. 15-3818 |
| JEROME EDWARDS | : | |

P<small>RATTER</small>, J.                                                                                         J<small>ULY</small> 8, 2016

## MEMORANDUM

In his §2255 petition, Jerome Edwards argues that counsel failed to file a timely appeal despite his instructions to do so. The Government argues that Mr. Edwards's counsel provided him with competent representation, and that therefore his claims are without merit. After a hearing, this Court finds that, despite admirable efforts by counsel, communication difficulties arguably led to a potential misunderstanding regarding filing a timely appeal. Resolving the ambiguity in favor of Mr. Edwards, the Court will grant the motion to vacate the original sentence and will resentence Mr. Edwards to restore his appellate rights.

F<small>ACTUAL AND</small> P<small>ROCEDURAL</small> B<small>ACKGROUND</small>

On November 10, 2011, a federal grand jury indicted Jerome Edwards based on his involvement in an August 16, 2011 armed robbery of a Wendy's and McDonald's restaurant in Philadelphia. Mr. Edwards was charged with two counts of robbery and an additional two counts of using and carrying a firearm during a crime of violence. Following a jury trial, Mr. Edwards was found guilty of the two counts of robbery in violation of 18 U.S.C. §1914(A). He was acquitted of the firearm charges. At his sentencing hearing on July 2, 2014, the Court sentenced Mr. Edwards to 144 months' incarceration. Mr. Edwards's counsel at the time of trial did not file a Notice of Appeal within the 14-day timeframe for filing such a Notice. Mr. Edwards filed a *pro*

*se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255, alleging, among other things, that counsel provided ineffective assistance by not filing a timely appeal.

On May 9, 2016, after deciding that the other arguments in Mr. Edwards's motion lacked merit, this Court granted a hearing on the sole issue of whether counsel failed to file an appeal on behalf of Mr. Edwards despite his request.[1] At the hearing, counsel provided detailed accounts of her communications with Mr. Edwards regarding filing an appeal. Counsel testified that following the imposition of the sentence the two had met regarding filing an appeal. N.T., May 9, 2016 Hearing, at 17:9-25. She testified that during the discussion she informed Mr. Edwards that in her opinion an appeal would not be viable. *Id.* at 17:13. Moreover, counsel testified that following the meeting she believed that she and Mr. Edwards were "on the same page," in that no appeal would be filed. *Id.* at 18:19-21. That being said, counsel also acknowledged that communication with Mr. Edwards at times could be difficult because of his lack of English language proficiency. *Id.* at 19:18-19. In addition, Mr. Edwards's illiteracy made communication via letters or email impractical if not impossible. *Id.* at 19:20-25. Instead, all communication occurred over the phone or in person so that no record of the conversation exists. *Id.* at 20:1-5. Nonetheless, it was counsel's understanding that Mr. Edwards did not directly or specifically direct an appeal to be taken. *Id.* at 30:3-10.

On the other hand, Mr. Edwards testified that he spoke to his counsel a number of times regarding taking an appeal after the imposition of his sentence. *Id.* at 8:4. Further, Mr. Edwards testified that during a meeting three days after his July 2, 2014 sentencing hearing he told

---

[1] *See Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001) (providing that when a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the district court to prove that he made the request and the lawyer failed to honor it).

counsel that he wanted an appeal filed. *Id* at 11:2. Mr. Edwards did not provide much detail about the nature of the conversation but insists that he said he wanted an appeal filed. *Id.*

**LEGAL STANDARD**

Mr. Edwards's claim is grounded in the Sixth Amendment guarantee of effective assistance of counsel. Claims of ineffective assistance of counsel are governed by the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668 (1984). Pursuant to *Strickland*, to establish ineffective assistance of counsel a petitioner must show: (1) that his attorney's representation fell well below an objective standard of reasonableness, and (2) that there exists a reasonable probability that, absent counsel's errors, the result of the proceedings would have been different. *Id.* at 688-96. When making an ineffectiveness determination, a court must look to the totality of the evidence in front of the judge and the jury. *Id. at 690*; *see e.g. Walker v. McMillen*, No. CIV.A. 11-5762, 2013 WL 6712202, at *13 (E.D. Pa. Dec. 20, 2013).

When, as is the case here, the claim is that counsel failed to file an appeal, a more specific version of the *Strickland* standard applies as set forth by the Supreme Court in *Roe v. Flores-Ortega*. 528 U.S. 470 (2000); *see Solis v. United States*, 252 F.3d 289 (3d Cir. 2001). Pursuant to *Flores-Ortega*, the Court must first determine whether counsel consulted with the client about filing an appeal. 528 U.S. at 478. If counsel has consulted with the client, then counsel is ineffective only if she failed to follow the defendant's express instructions with respect to an appeal. *Id.* If counsel has not consulted with the client, then a failure to consult constitutes deficient performance when either: (1) a rational defendant would want to take an appeal, or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 480. With respect to the prejudice prong of *Strickland,* a defendant must demonstrate that there is a reasonable probability that, "but for counsel's deficient failure to

consult with him about an appeal, he would have timely appealed." *Id.* at 484. In *Solis v. U.S.*, the Third Circuit Court of Appeals held prejudice is presumed from counsel's failure to file a notice of appeal when so requested by a client, thereby satisfying the second prong of the *Strickland* test. 252 F.3d 289 (3d Cir.2001).

The remedy for alleged ineffectiveness of counsel is a new opportunity to directly appeal. *Solis v. U.S.*, 252 F.3d 289, 294 (3d. Cir. 2001). In *Solis*, the court held that a defendant must be given the opportunity *nunc pro tunc* to brief his direct appeal in full when a district court determines that counsel was ineffective for failing to file an appeal. *Id.* at 294. After making such a determination the district court should vacate and then resentence the defendant to the same sentence, which reinstates the defendant's appellate rights. *United States v. Ordaz,* 111 F. App'x. 128, 130 (3d Cir. 2004) (endorsing the remedy provided for in *Solis*).

**DISCUSSION**

The testimony provided by Mr. Edwards and counsel shows that counsel consulted with her client about filing an appeal as required by *Flores-Ortega*. In *Flores-Ortega* the court explained that it "employ[ed] the term 'consult' to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." 528 U.S. at 478. Both Mr. Edwards and counsel testified to the fact that counsel advised Mr. Edwards about the advantages and disadvantages of taking an appeal three days after the imposition of the sentence. Counsel and Mr. Edwards agree that at the meeting a discussion occurred regarding the viability of an appeal. Counsel testified, and Mr. Edwards did not contest, that she made all efforts to be "on the same page" with Mr. Edwards concerning an appeal, fully satisfying *Flores-Ortega*'s consultation requirement. N.T., May 9, 2016 Hearing, at 18:19-21.

Because a consultation occurred, under *Flores-Ortega* counsel is ineffective only if she failed to follow the defendant's "express instructions" with respect to filing an appeal. 528 U.S. at 478. The only remaining question, therefore, is whether Mr. Edwards provided counsel with express instructions to appeal, as it is clear that no appeal was filed. *Flores-Ortega* instructs that courts undertaking this inquiry must, as with all ineffective assistance claims, "take into account all the information counsel knew or should have known." *Id.* at 480 (citing *Strickland*, 466 U.S. at 690).

The Third Circuit Court of Appeals has not provided detailed guidance as to what qualifies as "express instructions." Opinions from the Third Circuit Court of Appeals have used such terms as "explicit" and "specific" to describe the requisite "express instructions." *See, e.g., United States v. Jeffries*, 73 F. App'x. 535, 536 (3d Cir. 2003) (dismissing claim on finding of fact that defendant did not provide counsel with a "specific instruction" to file an appeal); *see also Schwartz v. Colleran*, 287 F. App'x. 218, 223 (3d Cir. 2008) (dismissing claim based on a finding of fact that defendant did not "explicitly request an appeal"). However, in *Hodge v. U.S.*. 554 F.3d 372 (3d Cir. 2009), the court addressed a situation similar to the one here. In that case, the petitioner contended that he told counsel to file an appeal and that counsel failed to do so. *Id.* at 380. The government countered that the record contained insufficient evidence to establish what, if anything, Mr. Hodge told counsel regarding the appeal before the filing period expired. *Id.* The court reasoned that based on the record, the defendant perhaps gave "vague" instructions to his lawyer. *Id.* The court held that where "counsel [is] unsure about [a defendant's wishes ... any doubt ... should be] resolved in favor of appeal." *Hodge v. United States,* 554 F.3d 372, 380 (3d Cir.2009).

Although this case is not precisely analogous to *Hodge*, its reasoning is instructive. As in *Hodge*, here there is a dispute over whether Mr. Edwards instructed counsel to file an appeal. The instructions provided by Mr. Edwards to counsel at the post-sentencing conference were potentially vague. Of key concern to the Court here, given Mr. Edwards's limited English proficiency, there is no written record on which to rely to resolve the dispute because all communication between Mr. Edwards and counsel occurred in person or over the phone. Such limited communication abilities may have made communicating "express instructions" difficult, and that fact as well as counsel's sensitive awareness of it must be taken into consideration when determining whether counsel was technically "ineffective" in failing to file an appeal. *See Flores-Ortega* at 480 (court must "take into account all the information counsel knew or should have known") (quoting *Strickland*, 466 U.S. at 690). At the very least, there exists some undeniable vagueness in the instructions provided by Mr. Edwards. While counsel believed that she was on the same page with Mr. Edwards, under *Hodge*, the Court concludes that the circumstances should have caused counsel to be at least unsure about her client's comprehension of his choices and, thus, such a doubt should have been resolved in favor of an appeal. *Hodge*, 554 F.3d 372, 380 (3d Cir. 2009).

The potentially vague instructions coupled with the communication difficulties produced apparent ambiguity regarding Mr. Edwards's desire to file an appeal. Though counsel went above and beyond in her efforts to understand his wishes, Mr. Edwards's testimony that he communicated a desire to have an appeal filed cannot be disregarded. Despite counsel's admirable efforts, it appears that there exists ambiguity with regards to exactly what Mr. Edwards instructed counsel to do concerning an appeal. Relying on *Hodge*, this Court will

resolve the ambiguity in favor of an appeal and grant Mr. Edwards's motion to the extent that he claims that he received ineffective assistance when no appeal was filed.

Mr. Edwards will have his right to appeal reinstated. Pursuant to *Strickland*, prejudice is presumed from counsel's failure to file a notice of appeal when so requested by the client. *Id.* at 688-96; *see also Solis* at 289. Thus, the Court will vacate the original sentence and will resentence Mr. Edwards to restore his appellate rights.

**CONCLUSION**

For the reasons discussed above, Mr. Edwards's §2255 petition will be granted. This Court will vacate the original sentence and resentence Mr. Edwards.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge